[No. 1581.]

THE STATE OF NEVADA, RESPONDENT, *v.* PETER
GUILIERI, APPELLANT.

CRIMINAL LAW—HOMICIDE—EVIDENCE—SUFFICIENCY. Deceased, and defendant, his employer, returned home from town together, the former being very drunk. Defendant and the Indian woman with whom he lived gave deceased his supper, and then defendant left the house to care for his team. On hearing the squaw calling for him, defendant returned to the house, and met deceased, armed with a miner's candlestick, whereat defendant armed himself with a dagger, and in the ensuing fight, in which deceased was the assailant, the latter was stabbed five or six times, and died instantly. Defendant was wounded in the neck and slightly in the ear, the latter possibly self-inflicted. There were no witnesses to the fight. Defendant knew that deceased had made improper proposals to the squaw shortly before, and suspected a repetition when he heard her calling him: *Held*, that the jury may have reached the conclusion that the punishment was not in necessary self-defense, but in the execution of an intent to kill, and therefore a verdict of murder in the second degree was sustained by the evidence.

IDEM—RECORD OF PRELIMINARY EXAMINATION. In a prosecution for homicide the state is not bound to introduce in evidence the proceedings on preliminary examination.

IDEM—PRACTICE ON APPEAL—INSTRUCTIONS. Where no particular error is alleged against instructions, the appellate court will not examine them.

APPEAL from the Third Judicial District Court, Lander
County; *A. L. Fitzgerald*, Judge.

Peter Guilieri was convicted of murder in the second degree, and appeals.  **Affirmed.**

The facts sufficiently appear in the opinion.

*T. H. Haydon* and *A. J. Maestretti*, for Appellant.

*W. D. Jones*, Attorney - General, *S. A. Crescenzo*, and *Peter Breen*, for Respondent:

I.   The answer to the first point is that the law does not require the state to use the testimony taken at a preliminary examination to make out a case, any more than it requires the state to produce and use in its case in chief any and all witnesses or testimony heard or taken before the grand jury on finding the indictment. All the law requires of the state is to make a *prima facie* case by legal testimony. It may be the testimony of witnesses who testified at the preliminary hearing, if it be shown that the witness was "sick, out of the state, dead or that his personal attendance could not be had in court." (Comp. Laws, 4121; *State* v. *Parker*, 16 Nev. 84.)   But it will not do to say that, although the state might have availed itself of such testimony, on proper showing "that the witness was sick, out of the state, dead, or that his personal attendance could not be had in court," it was compelled to do so. The state is only required to make a *prima facie* case in chief, to avoid acquittal; but upon the whole must convince the jury of the guilt of the accused "beyond a reasonable doubt," to be entitled to a conviction.

II.   The rule is thoroughly established in this state that a verdict in a criminal case will not be reversed where there is any evidence to support it. (*State* v. *Huff*, 11 Nev. 17; *State* v. *Glovery*, 10 Nev. 24; *State* v. *Crozier*, 12 Nev. 300; *State* v. *Raymond*, 11 Nev. 98; *State* v. *Mills*, 12 Nev. 403; *State* v. *McGinnis*, 6 Nev. 109.)

III.   Appellant fails to point out any error in any of the instructions complained of. Counsel content themselves with asserting, in their opening brief, that "the court erred in giving upon the request of the prosecution these instructions (fifteen) designated by their number." In their second brief these instructions are not referred to. It would be difficult for this court to understand what error is meant, and, since

appellant does not point it out, this court should disregard the complaint.

By the Court, BELKNAP, J.:

Appellant was convicted of murder of the second degree. He appeals from the judgment, and relies upon the following specifications of error: (1) Insufficiency of the evidence to support the verdict; (2) error of law in not requiring the prosecution to use as part of its case in chief the record of the proceedings taken at the preliminary examination; (3) error in giving fifteen of the instructions (numbered) asked for by the prosecution.

1. It was shown at the trial that the appellant lived at Big Creek, in Lander county. Dougherty, the deceased, was in his employ. They had been at Austin during the day of December 24, 1898, and returned home in the evening together. Deceased was so much under the influence of liquor that he fell off the wagon near appellant's house. Appellant and an Indian woman, with whom he lived, helped him to the house, gave him a chair by the fire, and supper. Appellant then left to care for the team. Soon the squaw ran out of the house, calling for him. He returned, met deceased in the house, armed with a miner's candlestick. A fight ensued, in which he armed himself with a dagger. No one was present except the two men. Dougherty was stabbed five or six times, and died instantly. Appellant received one wound in the neck, and another upon his ear; but there was testimony tending to show that the latter wound was slight, and might have been self-inflicted. A motive for the killing was shown from the fact that deceased had made improper proposals to the squaw a fortnight before, which appellant knew; and when she ran out crying, and calling him, he surmised a repetition of that occurrence. According to appellant's testimony, deceased was the assailant. We will assume that he was. But the jury may have reached the conclusion that the punishment was not in necessary self-defense, but in the execution of an intent to kill. The testimony supports this view.

2. We know of no rule of law, and counsel has not referred us to any, by which the court could have required the prosecution to introduce the record of the preliminary examination, or any of it.

3. No suggestion has been made directing our attention to any particular error in any of the instructions mentioned, and for this reason we decline to examine them.

It is ordered that the judgment be affirmed.